UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :   CONSENT PRELIMINARY ORDER
        - v. -                    :   OF FORFEITURE AS TO
                                  :   SPECIFIC PROPERTY/
EVELIN JIMENEZ,                   :   MONEY JUDGMENT
                                  :
                Defendant.        :   S2 18 Cr. 879 (SHS)
                                  :
- - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 10, 2020, EVELIN JIMENEZ (the "defendant"), among others, was charged in four-counts of an six-count Superseding Indictment, S2 18 Cr. 879 (SHS) (the "Indictment"), with conspiracy to defraud the United States with respect to claims, in violation of Title 18, United States Code, Section 286 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2 (Count Three); and subscribing to a false return, in violation of Title 26, United States Code, Section 7206(1) (Count Five);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited

to, (i) a residential property located at 4570 Henry Hudson Parkway, Bronx, New York 10471-3807, parcel number 5813-131; (ii) a property located at 2424 Davidson Avenue, Bronx, New York 10468-6364, parcel number 3199-75; (iii) a property located at 2500 Bailey Avenue, Bronx, New York 10463-7206, parcel number 3237-23; (iv) a property located at 2352 University Avenue, Bronx, New York 10468-6297, parcel number 3212-55 (collectively, (i) through (iv) the "Subject Property"); and (v) a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, on August 4, 2020, the defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), (i) a sum of money equal to $200,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment, and (ii) all right, title and interest of the defendant in the Subject Property;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $200,000 in United States currency representing the amount of proceeds traceable to the offense

charged in Count Two of the Indictment that the defendant personally obtained; and

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in:

  a. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 4570 Henry Hudson Parkway, Bronx, NY 10471-3807, parcel number 5813-131, Lot Number 131, Block 5813;

  b. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2424 Davidson Avenue, Bronx, NY 10468-6364, parcel number 3199-75, Lot Number 75; Block 3199;

  c. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2500 Bailey Avenue, Bronx, NY 10463-7206, parcel number 3237-23, Lot Number 23, Block 3237; and

  d. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2352 University Avenue, Bronx, NY 10468-6297, parcel number 3212-55, Lot Number 55; Block 3212;

(a. through d. the "Specific Property"), which constitutes proceeds of the offense charged in Count Two of the Indictment;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the defendant

personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strass, Acting United States Attorney, Assistant United States Attorney, Daniel Nessim of counsel, and the defendant, and his counsel, Judith Vargas, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $200,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offense charged in Count Two of the Indictment, to which the defendant pled guilty, all of the

defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, EVELIN JIMENEZ, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United

States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's

right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions,

interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

**THIS SPACE INTENTIONALLY**

**LEFT BLANK**

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: *Daniel Nessim*            7/30/2020
     DANIEL G. NESSIM            DATE
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, NY 10007
     (212)637-2486

EVELIN JIMENEZ

By: *Evelin Jimenez*           8/3/20
     EVELIN JIMENEZ             DATE

By: S/Judith Vargas           August 3, 2020
     JUDITH VARGAS, ESQ.         DATE
     Attorney for Defendant
     20 Vesey Street, Suite 400
     New York, NY 10006

SO ORDERED: *Sidney H. Stein*

HONORABLE SIDNEY H. STEIN      August 4, 2020
UNITED STATES DISTRICT JUDGE     DATE